UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Case No. 4:19-cr-00687-SRC |
| ) | |
| BURTON HUGHES, ) | |
| ) | |
| Defendant(s). ) | |

**Memorandum and Order**

This matter is before the Court on Defendant Burton Hughes's unopposed [154] Amended Motion for Leave to File Under Seal his Supplemental Motion for Compassionate Release, Doc. 156.  The Court grants the motion, in part, and denies, in part.

The Court previously denied without prejudice Hughes's first motion for leave to file under seal, Doc. 148, because Hughes failed to cite the specific legal reasons justifying sealing, among other things.  Doc. 151.  In his amended motion and memorandum in support, he cites to *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001).  Doc. 155 at p. 2.  In that case, the Third Circuit stated: "An individual has a constitutional right to privacy which protects 'the individual interest in avoiding disclosure of personal matters.'"  *Delie*, 257 F.3d at 315 (citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).  Joining the Second Circuit, the Third Circuit went on to "recogniz[e] that the constitutional right to privacy in one's medical information exists in prison."  *Id.* at 317 (citing *Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999)).

Neither case deals with anything close to the situation here—a defendant asking a court to reduce his sentence on the basis of the very medical information he seeks to keep from public view.  *See Delie*, 257 F.3d at 311 (addressing a prisoner's section 1983 claim that prison officials

did not keep his medical condition confidential); *Powell*, 175 F.3d at 112 (concluding that prison officials' "gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . violate[d] the inmate's constitutional right to privacy").  Fundamental to the public's First-Amendment and common-law rights of access to the Court is that the public has a right to know the grounds on which a court bases sentencing, and sentence-reduction, decisions.  *See United States v. Hamm*, No. 19-cr-00613-SRC (E.D. Mo. Feb. 17, 2021) (discussing the purposes of the public's rights of access in the sentencing context).

The text of the Constitution contains no right to privacy of medical information, and neither the Supreme Court nor the Eighth Circuit has held that such a right exists in the sentencing or sentence-reduction context.  True, the Eighth Circuit did follow other circuits for a time in interpreting the Supreme Court's decisions in *Whalen*, 429 U.S. at 589, and *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425 (1977), as "recognizing a constitutional right to the privacy of medical . . . and other categories of highly personal information, grounded in the Fourteenth Amendment right to substantive due process." *Dillard v. O'Kelley*, 961 F.3d 1048, 1053 (8th Cir. 2020), cert. denied, 141 S. Ct. 1071 (2021) (citing *Wolfe v. Schaefer*, 619 F.3d 782, 785 (7th Cir. 2010) (collecting cases from various circuits)).  But then the Supreme Court "assume[d], without deciding, that the Constitution protects a privacy right of the sort mentioned in *Whalen* and *Nixon*." *Nat'l Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 138 (2011).

In *Dillard*, the Eighth Circuit highlighted that language, noting that to the extent Eighth Circuit cases "read *Whalen* and *Nixon* as recognizing the right to informational privacy, *Nelson* makes clear they were wrong to do so." *Dillard*, 961 F.3d at 1054 (discussing right to informational privacy cases and concluding in the qualified immunity context that the "legal uncertainty surely means the alleged constitutional right to informational privacy is not 'beyond

2

debate' in the Eighth Circuit"). As does the Eighth Circuit, the Court declines to engraft onto the Constitution implied rights.

If such a right exists, then, it must find its source in legislation; Hughes points to none, and the statutes governing his underlying motion for sentence reduction do not contain one, either. If Congress wished to grant prisoners seeking sentence reductions a right to privacy in their medical and health information, it could have done so—but it did not. In determining whether to reduce a sentence under the First Step Act, the Court must assess the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2). And the § 3553(a) factors include the history and characteristics of the defendant. Nowhere in the First Step Act (or in § 3553(a)) did Congress deem health history or health characteristics confidential. To the contrary, section 3582 refers to medical conditions in subsection (d), which imposes notification requirements on the Bureau of Prisons; that section contains no confidentiality requirement itself but instead confirms that confidentiality requirements, if any, must come from some other source. 18 U.S.C. § 3582(d)(2) (imposing disclosure requirements on BOP, "subject to any applicable confidentiality requirements"). Further emphasizing the need for disclosure of the bases for reductions in sentences and the absence of any confidentiality requirement in the First Step Act, section 3582(d)(3) imposes on the BOP an annual reporting requirement; more pointedly, eight of the subsections teasing out those requirements mandate that BOP categorize its reporting by the "criteria relied on as the grounds for a reduction in sentence[.]" 18 U.S.C. §§ 3582(d)(3)(A)–(H).

With respect to his medical diagnosis, Hughes claims "well-documented fear and panic" exists about the diagnosis and that "its dissemination among inmates . . . could jeopardize his safety and treatment." Doc. 155 at p. 1. But other than *Delie*, distinguished above, Hughes cites

3

no authority for that proposition, or for using it as a basis for sealing. *See id.* at pp. 1–2. While sympathetic to Hughes's desire to keep this information confidential, the Court must base its sealing decisions on the law. *See Hamm*, No. 19-cr-00613-SRC (E.D. Mo. Feb. 17, 2021) (order denying motion to seal sentencing memorandum); E.D.Mo. L.R. 13.05 (recognizing "the right of parties . . . to seek the filing under seal of material and information lawfully kept confidential" and requiring a party seeking sealing to "state the specific legal . . . reasons justifying the sealing").

Hughes also seeks to redact his mother's name and address, and information about both his daughter's and mother's medical conditions. Doc. 155-1 at pp. 22–23. Unlike Hughes's medical information, the information about his family members is not material to Hughes's motion, and redacting it would not undermine the public's interest in the judicial process. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) ("[T]he weight to be given the [common-law] presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts").

For these reasons the Court grants, in part, Hughes's [154] Amended Motion for Leave to File Under Seal his Supplemental Motion for Compassionate Release, only as to the information about his mother and daughter. The Court otherwise denies Hughes's [154] Amended Motion without prejudice. The Court also denies Hughes's [153] Motion for Leave to File Motion Exceeding 15 Pages without prejudice, because the motion, Doc. 156, fails to comply with Local Rule 4.01 and the undersigned's Judge's Requirements regarding a table of contents and authorities.

So Ordered this 3rd day of January 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE