UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>             Plaintiff(s),                                  )<br>                                                                )<br>       v.                                                        )<br>                                                                )<br> BURTON HUGHES,                                 )<br>                                                                )<br>             Defendant(s).                              )  | Case No. 4:19-cr-00687-SRC-2 |

### Order

Burton Hughes filed a motion asking the Court to reduce his 72-month sentence to time served, a requested reduction of over 50 months. Doc. 137 at p. 3; Doc. 165 at p. 5. Hughes asks the Court to keep many of the reasons for his request under seal and shielded from public view, and the United States has consented to his motions to seal. Docs. 148, 154, 163. Acknowledging the public's interest in the bases on which courts grant or deny sentence-reduction motions, the Court has twice denied Hughes's sealing motions. Docs. 151, 159.

Hughes has now filed his third motion to file under seal his supplemental motion for compassionate release. Doc. 163. The United States again consents to the motion, opting not to join issue on the weighty matters at hand and leaving the public's interest unaddressed. *Id.* at p. 3. The Court finds it would greatly benefit from an adversarial process that produces robust briefing on the sealing issues.

To ensure it has the benefit of such briefing, and to properly balance the interests at issue, the Court appoints an amicus to argue on behalf of the public interest. *Cf. McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) ("What makes a system adversarial rather than inquisitorial is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties."). The Court has inherent authority to appoint an amicus to aid in the determination of the issues presented by Hughes's

motion.  *In re Peterson*, 253 U.S. 300, 312–14 (1920); *cf. Hayes v. United States*, 296 F.2d 657, 668 (8th Cir. 1961).

Accordingly, the Court appoints Eugene Volokh as amicus curiae.  The Court directs the amicus to represent the public interest and present arguments on Hughes's motion for leave to file under seal his Supplemental Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A)(i).  Doc. 163.  The Court orders that amicus file his memorandum no later than March 2, 2022.  Hughes, and the United States if it so chooses, may respond no later than March 11, 2022, and amicus may file a reply brief no later than March 21, 2022.

Upon amicus's being granted admission pro hac vice, the Court authorizes disclosure to amicus of Docs. 149, 150, 155, and 164 (including all attachments to those filings).  By accepting the appointment, amicus agrees to comply with all rules and orders of this Court related to the handling of confidential materials.

The Court intends to set the sealing motion, Doc. 163, for oral argument, and upon compliance with the rules allowing law students to appear, the Court will allow law students to participate with amicus in the briefing and argument of the motion.

So Ordered this 7th day of February 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE