UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-cr-00687-SRC-2 |
| ) | |
| BURTON HUGHES, ) | |
| ) | |
| Defendant. ) | |

## Order

After the Court denied Hughes's second amended motion for leave to file under seal his supplemental motion for compassionate release, Hughes took an interlocutory appeal. Doc. 197. Hughes later voluntarily dismissed his appeal and now moves for leave to withdraw the documents he filed in support of his motion for leave to file under seal. Docs. 205, 205-1. Hughes similarly moves the Court to indefinitely seal the documents filed by amicus curiae in opposition to Hughes's sealing motion, the transcript of the hearing on the motion, as well as the Court's order denying sealing. Doc. 205. The United States did not respond to the motion, but amicus curiae did, opposing Hughes's motion insofar as it requests continued sealing of the Court's prior order. Doc. 208. Hughes replied. Doc. 210.

The Court's opinions are public records. *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006); *see also IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) ("There is a common-law right of access to judicial records."). Amicus emphasizes "that [a] judge's opinions and orders belong in the public domain," and suggests the Court simply unseal its prior order, or alternatively, release a redacted or pseudonymized version. Doc. 208 at pp. 2, 4 (quoting *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). Hughes replies that unsealing the

Court's order would run counter to the purpose of Local Rule 13.05, that unsealing is not warranted by Eighth Circuit law, and that, if the Court believes portions of the order should be unsealed, the Court should redact, not pseudonymize, the order.

To Hughes's first point, the Court routinely issues public orders ruling on motions for leave to file under seal. *See, e.g.*, Order, *United States v. Hamm*, 4:19-cr-00613 (E.D. Mo. Feb. 17, 2021). In these orders, the Court simply describes in generality the documents a party seeks to file under seal and provides its reasons for granting or denying the motion. Thus, Hughes offers a false dichotomy when he argues that unsealed orders ruling on motions for leave to file under seal must result in either (1) the Court's abandoning its duty to make case-specific findings or (2) the Court's rendering the protections of Local Rule 13.05 illusory. Doc. 210 at p. 3. In this case, the Court found it necessary to issue a sealed order because of the fact-intensive nature of Hughes's sealing motion. That, however, does not foreclose the possibility of publishing a redacted, more generalized order.

Hughes next admits that, under Eighth Circuit precedent, a common-law presumption of public access applies to the Court's prior order. Doc. 210 at p. 3; *see IDT Corp.*, 709 F.3d at 1224. Hughes quibbles with amicus's characterization of the presumption as the "strongest," but offers no explanation why he overcomes the presumption he admits exists. Doc. 210 at p. 3 (quoting Doc. 208 at p. 2). Instead, Hughes cites several cases in which courts found sealing warranted; notably, none involved sealing of a court order. *Id.* at p. 5. Moreover, Hughes fails to address why limited redactions to the Court's prior order would not resolve his concerns. The Court must consider redactions as an alternative to complete sealing, and in this case the Court finds that the vast majority of its prior order is "amenable to public access without jeopardizing the confidentiality of sensitive information." *IDT Corp.*, 709 F.3d at 1224.

Having concluded that the Court must, to some degree, make its prior order public, the Court next considers how best to do so. Amicus proposes blanket unsealing, redaction, and pseudonymization as ways in which to bring the Court's order into public view. Doc. 208 at pp. 3–4. Blanket unsealing is inappropriate as it would vitiate Hughes's right under the Local Rules to withdraw the sensitive information he originally sought to file under seal, and, while amicus offers pseudonymization as an alternative to redaction, Hughes objects to the suggestion. Doc. 210 at pp. 6–7. Further, amicus offers no authorities promoting pseudonymization as superior or more protective of the parties' (and the public's) rights than redaction. *Cf. United States v. Doe*, 655 F.2d 920, 930 (9th Cir. 1980) (Sneed, J., dissenting) ("[N]o statute or federal rule authorizes the practice" of "substitute[ing] a pseudonym for appellant's true name" when the party's identity "w[as] known in the proceeding below."). Instead, the Eighth Circuit and this Court recognize redaction as the standard method for publicly filing documents which contain both public and non-public information. *See, e.g.*, *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022); E.D. Mo. L.R. 13.05(A)(4)(c). For these reasons, the Court follows the well-charted path and concludes that redaction of its prior order is the proper course.

In previous public filings, Hughes revealed that he suffers "physical and mental health ailments that are confidential and sensitive in nature," and that "public disclosure of his private health information would put [him] at imminent risk of serious physical injury or death." Doc. 163 at pp. 1–2. Hughes publicly argued that "[a]bsent sealing . . . [he] must either face this real risk of assault or forgo a colorable sentence reduction claim based on his elevated risk of COVID-19," and publicly voiced concern of making certain information "publicly-available to everyone with remote PACER access." Doc. 182 at pp. 14, 28. However, Hughes never publicly revealed the health problem underlying his fears, and he now seeks leave to withdraw

3

the documents in which he revealed the problem to the Court.  To protect Hughes's right to withdraw the information under the Local Rules, the Court redacts from its prior order explicit references to Hughes's private health problem.

Thus, the Court grants in part and denies in part Hughes's [205] motion.  The Court grants Hughes leave to withdraw Docs. 164, 174, 181, 185, and 189, as well as Hughes's motion to indefinitely seal Docs. 177, 186, and 198.  The Court orders Doc. 193 to remain sealed but issues a redacted version of Doc. 193 contemporaneously with this Order.  No later than September 23, 2022, Hughes must file defense counsel's supplement to Hughes's pro se motion for compassionate release.

So Ordered this 26th day of August 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE