UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cr-00687-SRC-2 |
| | ) | |
| BURTON HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

**Order**

Defendant Burton Hughes seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), citing his medical conditions coupled with his heightened risks for COVID-19 complications. The Court finds that Hughes's medical conditions—coupled with COVID-19 or not—do not constitute extraordinary and compelling reasons that warrant release under 18 U.S.C. § 3582(c)(1)(A), and therefore, denies Hughes's motion.

## I. Background

Hughes pleaded guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Docs. 94–95. The Court sentenced Hughes to a 72-month term of imprisonment, followed by a three-year term of supervised release for his conviction. Doc. 117. Hughes is currently serving his sentence at FCI Gilmer in Glenville, West Virginia, with a projected release date of May 26, 2026. *Find an inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited January 9, 2022).

The Court also previously dealt with multiple intervening motions relevant to this motion for compassionate release. *See* Docs. 159, 193, 213. Hughes, proceeding *pro se*, initially filed this motion for compassionate release on September 27, 2021. Doc. 137. The Federal Public

Defender's Office, intending to file a supplemental motion, filed four motions for extension of time to file the supplemental motion, Docs. 139, 141, 143, 146, followed by a motion for leave to file under seal due to Hughes's health concerns, Doc. 148. The Court granted the extensions, Docs. 140, 142, 144, 146, but denied his motion for leave to file under seal, Doc. 151. Hughes filed an amended motion for leave to file under seal, Doc. 163, leading the Court to appoint amicus curiae and hold oral argument on the sealing issue, Docs. 170, 191. The Court ultimately denied this motion. Doc. 193. Hughes appealed this decision, Doc. 202, and the Eighth Circuit dismissed this appeal, Docs. 206, 207. On September 22, 2022, the Federal Public Defender's Office filed a supplemental motion on behalf of Hughes, Doc. 215, and the United States responded on November 8, 2022, Doc. 220.

According to the motions, Hughes seeks a reduced sentence based on his medical conditions—specifically his Hepatitis C, pre-diabetes, hypertension, substance abuse disorder, and chronic kidney disease—coupled with his heightened risks for COVID-19 complications. Doc. 215 at p. 5. The United States argues that Hughes has not shown extraordinary and compelling reasons, and that Hughes is still a danger to the community. Doc. 220 at p. 1. Further, the United States argues that his health concerns could be off-set by receiving the COVID-19 vaccination, *id.*, which Hughes declined for health reasons, Doc. 215 at p. 19.

**II. Standard**

A "judgment of conviction that includes [] a sentence [of imprisonment] constitutes a final judgment[.]" 18 U.S.C. §3582(b). After sentencing, District Courts have very limited authority to modify the sentence. 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [listing exceptions]."); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of

imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. §3582(b)); Fed. R. Crim. P. 35(a) ("[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

Previously, a district court could only modify a sentence upon a motion of the Bureau of Prisons. *See* 18 U.S.C. § 3582(c); *United States v. Gileno*, 448 F. Supp. 3d 183 (D. Conn. 2020); *United States v. Gotti*, 433 F. Supp. 3d 613, 1 (S.D. N.Y. 2020). In December 2018, as part of the First Step Act, Congress granted district courts limited authority to reduce a sentence. *See* 18 U.S.C. § 3582(c). Now, a district court may modify a sentence in two circumstances: 1) "upon motion of the Director of the Bureau of Prisons," or 2) "upon motion of the defendant[.]" *Id.*

The Court may grant compassionate release if it finds, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," that "extraordinary and compelling reasons warrant such a reduction." *Id.* "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020), *reh'g denied* (Nov. 2, 2020), *cert. denied,* 141 S. Ct. 2741 (2021). Ultimately, the burden is on the defendant to prove a sentencing reduction is warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## III. Discussion

### A. Exhausting administrative remedies

"According to the plain terms of section 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies." *United States v. Houck,* 2 F.4th 1082, 1083 (8th Cir. 2021) (citing *United States v.*

*Alam*, 960 F.3d 831, 832 (6th Cir. 2020)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *Id.* at 1083–84 (quoting 18 U.S.C. § 3582(c)(1)(A)). "This requirement is a mandatory claim-processing rule." *Id.* at 1084; *see also Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) ("Mandatory claim-processing rules seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." (internal quotation marks omitted)). As such, it must be enforced so long as the opposing party properly raises it. *Houck,* 2 F.4th at 1084; *Manrique*, 137 S. Ct. at 1272.

Hughes contends that he has exhausted his administrative remedies because he submitted a request for compassionate release directly to his warden on August 16, 2021, which the Warden denied on August 25, 2021. Doc. 215 at p. 7. Hughes did not appeal this within 20 days, thus the administrative process to request a reduction has ended. *Id.* As the United States has not raised a defense of failure to exhaust administrative remedies, the Court will address the merits of Hughes's motion.

**B. Extraordinary and compelling reasons**

Hughes, a 41-year-old who currently suffers from hypertension, pre-diabetes, chronic kidney disease, a substance abuse disorder, and chronic Hepatitis C, argues that these medical conditions place him at a heightened risk of complications from COVID-19, entitling him to compassionate release. Hughes disclosed some, but not all, of these medical conditions to the Court to consider during sentencing. Doc. 108 at ¶¶ 97–98. Even with the undisclosed

prediabetes and chronic kidney disease, Hughes's primary concern is the complications COVID-19 can create with each of these ailments. Doc. 215 at pp. 13–18.

Although the Court is sympathetic to Hughes's fears of complications from COVID-19, the Court finds that Hughes's medical conditions do not necessitate his release. While section 3582(c)(1)(A) authorizes the release of an inmate if he has "extraordinary and compelling reasons" warranting a reduction, the statute requires an individualized inquiry, not a widespread release of inmates based on the existence of a persistent worldwide pandemic. *United States v. Marcussen,* 15 F.4th 855, 858 (8th Cir. 2021). In October of 2021, the Eighth Circuit stated that "[t]hough certainly relevant, the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence." *Id.* The BOP has implemented various safety measures to contain the movement and spread of COVID-19, including limiting visitation and programming. Doc. 215 at p. 20. The Court acknowledges that at the time Hughes filed his supplemental motion in September 2022, FCI Gilmer was at a higher risk level, *id.*, but even if it remains true today, that is not enough to prove that the BOP is unable to adequately treat Hughes during incarceration. Further, if Hughes were to become infected and suffer medical complications, the BOP can release him for treatment via a medical furlough. *See* 18 U.S.C. § 3622(a)(3). This is true regardless of whether Hughes chooses to receive the COVID-19 vaccine. Additionally, in the nearly 15 months during which Hughes has been litigating his compassionate-release motions, he has not contracted COVID-19. Doc. 215 at p. 12.

For these reasons, the Court finds that Hughes has failed to show that extraordinary and compelling circumstances exist to warrant his early release.

**C. Section 3553(a) factors**

Even if extraordinary and compelling reasons supported Hughes's request for a sentence reduction, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable," which do not support Hughes's request. 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstance of the offense and the history and characteristics of the defendant;" as well as the need for the sentence imposed, *inter alia,* "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense." 18 U.S.C. § 3553(a). The Court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.*

After reviewing the section 3553(a) factors, the Court finds that Hughes has failed to carry his burden for release. When reviewing the nature and circumstances of the offense and the history and characteristics of Hughes, these factors do not weigh in favor of release. Hughes has convictions for forgery, three separate counts of stealing, one count of receiving stolen property, three separate counts of possession of a controlled substance, two separate counts of tampering with a motor vehicle, and multiple misdemeanor offenses. Doc. 108. While Hughes has taken part in prison programming, Doc. 214 at p. 2–3, these two courses do not outweigh all of the many countervailing considerations.

Releasing Hughes now, over three years early, would not reflect the seriousness of his offense, nor would it provide just punishment for his offense. It could also give rise to unwarranted sentence disparities. Hughes received a 72-month sentence consecutive to any sentence imposed in the Circuit Court of Pulaski County, a downward variance from the sentencing guidelines range of 92 to 115 months of imprisonment. Docs. 108 and 118. To

release Hughes now—after less than 25 months, much of which Hughes spent pursuing this motion—would create an unwarranted sentence disparity.

For these reasons, the Court finds that the section 3553(a) factors weigh against release of Hughes.

## III. Conclusion

For the reasons set forth above, the Court denies Hughes's [137] Motion for Compassionate Release without prejudice.

Dated this 30th day of January 2023.

SLR. CR

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE